Pfeifer, J.,
concurring in part and dissenting in part.
{¶ 24} The insureds in this case did not consent to release medical information to enable Medical Mutual to pursue a lawsuit against a doctor; they consented to release medical information to enable Medical Mutual to determine whether specific insurance claims should be paid. The insureds in this case upheld their end of the bargain: their medical information was available to the insurance *187 company before the claims were paid. Now that the claims have been paid, Medical Mutual is attempting to contort a specific, single-purpose consent to release into a general, all-purpose consent to release. One thing is abundantly clear: the insureds in this case did not consent to the release of their medical information for any purpose other than to determine whether their claims would be paid. Because the claims have been paid, the consent to release is no longer available to the insurance company. The majority opinion’s interpretation of the consent to release in this case is much too broad.
Frantz Ward, L.L.P., Stephen F. Gladstone, Brian E. Roof, and Brendan M. Gallagher, for appellant.
Rengel Law Office, D. Jeffery Rengel, and Thomas R. Lucas, for appellee.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Stephen P. Carney, Deputy Solicitor, and Scott Myers, Assistant Attorney General, urging reversal for amicus curiae state of Ohio.
Allen, Kuehnle, Stovall & Newman, L.L.P., and Lisa L. Norris; and Wiley Rein, L.L.P., Kirk J. Nahra, and Howard Anglin, urging reversal for amici curiae National Health Care Anti-Fraud Association, National Insurance Crime Bureau, Coalition Against Insurance Fraud, and America’s Health Insurance Plans.
{¶ 25} Nevertheless, the information sought by Medical Mutual should be available to it to pursue a claim against Dr. Schlotterer for fraud. I would adopt a new exception to the physician-patient privilege — one suggested by amici curiae Ohio State Medical Association and American Medical Association. As they say, “the exception should be narrowly defined and applied only after a demonstrated compelling need for the information sought.” They argue that an exception to the physician-patient privilege should be allowed only “where the insurer (1) has made a prima facie showing of fraud that could not have been discovered, with the exercise of due diligence, within the two-year period after payment was made to the provider as set forth in R.C. 3901.388 [addressing recovery of insurance-company overpayments to medical professionals], and (2) has demonstrated that consent of the nonparty patients cannot be obtained.” Adopting this exception would allow insurance companies to pursue claims against allegedly fraudulent doctors without eroding the physician-patient privilege. The result that the majority opinion reaches is laudable because its effect is to allow an insurance company to combat fraud, but the means used are too general and too likely to result in further litigation to determine the bounds of the general exception.
{¶ 26} I would remand to the trial court to apply this new exception to the physician-patient privilege. I dissent.
*188 Thompson Hiñe, L.L.P., Alan F. Berliner, Jennifer E. Short, and Philip B. Sineneng, urging reversal for amici curiae Ohio Association of Health Plans and Ohio Insurance Institute.
Carrie L. Davis and Jeffrey M. Gamso, urging affirmance for amicus curiae American Civil Liberties Union of Ohio Foundation, Inc.
Bricker & Eckler, L.L.P., Anne Marie Sferra, and Bridget A. Purdue, not expressly supporting the position of either party for amici curiae Ohio State Medical Association and American Medical Association.